UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VERA CHUPROV,

                      Plaintiff,

                                                                        3:15-cv-00130-TC

        v.

                                                                          ORDER

Commissioner of Social Security,

                    Defendants.

COFFIN, Magistrate Judge:

      Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

      Plaintiff asserts disability beginning December 11, 2011, due to congestive heart failure, anemia, anxiety, hypertension, chronic ankle and foot pain, peptic ulcer, broken thumb, pneumonia/bronchitis, blacking out, fatigue/weakness, lightheadedness, and neck pain. Tr. 99. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends that the ALJ erred in: (1) assessing plaintiff's credibility; (2) assessing lay witness

Page 1 - ORDER

testimony; (3) discrediting her treating physician's opinion; and (4) excluding mental health limitations.

A.   Credibility

Plaintiff argues that the ALJ erred in finding that plaintiff lacked credibility due to her daily activities, issues with substance abuse, and non-compliance with some of her treatment options.

The ALJ noted that plaintiff asserted that a lack of energy, feeling like she will black out when she stands up, stomach pains, shortness of breath, foot pain, and panic attacks prevent her from working. Tr. 23. Plaintiff also asserts a need to lie down six times a day for 30 minutes with an ability to stand for only 10 or 15 minutes and walk short distances in her house while leaning on furniture for balance. The ALJ determined that plaintiff's symptom allegations lack credibility and found that she had the residual functional capacity to perform essentially the full range of light work. Tr. 24.

The ALJ noted that plaintiff's fainting spells were due to anemia resulting from bleeding ulcers, but that treatment improved the condition. The ALJ found that in contrast to plaintiff's allegations of constant fatigue, plaintiff reported that she had done well between December 2009 (after treatment) and September 2010. But the ALJ also found that after September 2010, plaintiff was again successfully treated for ulcer related anemia. Tr. 24; 353 (had done well for several months after transfusion); 358 (same). The ALJ also found that contrary to plaintiff's allegations of debilitating fatigue and dizziness, subsequent medical notes indicate that plaintiff's anemia was effectively controlled. Tr. 23-24, 442 ((10/1/2010) much better, energy is better); 435 ((1/11/2011) better hemoglobin levels); ((5/27/2011) anemia much better control--much more energy and much less fatigue taking all medications and iron rich diet); 476 ((8/15/2011) normal hemoglobin). The

ALJ also noted later medical charts revealed few, if any, findings regarding fatigue or anemia symptoms. Tr. 25; 675-739, 807-829.

Although plaintiff notes that interspersed with the record notations that the ALJ referenced as indicative of controlled anemia, are episodes of anemia related fatigue and passing out, (Tr. 444 ((July 22, 2010) fatigue, no energy, not sleeping); 471 ((9/26/2011) presence of mild anemia due to ulcers maker her tire easily), the episodes appear related to alcohol and failure to take medications. E.g., Tr. 444 (not taking potassium or hydrochlorothiazide and drinking shots of alcohol and had bleeding ulcer). Indeed, the ALJ noted that some of plaintiff's fatigue and dizziness may be associated with substance abuse. Tr. 25.

Plaintiff also cites a lack of insurance as a reason for lack of other medical reports showing anemia related complaints. However, although plaintiff may have sought medical treatment for more acute issues only when necessary due to insurance issues, it does not explain lack of related anemia complaints and fatigue as part of her medical history during treatment for those issues. The ALJ did not err in finding that plaintiff's alleged anemia related fatigue and dizziness were contradicted by successful control of symptoms through proper treatment. See, e.g., Fritz v. Commissioner, 480 Fed.Appx. 886, 887 (9th Cir. 2012) (successful conservative treatment is a clear and convincing reason for rejecting adverse credibility finding).

The ALJ notes much of the same type of evidence with respect to plaintiff's related allegations of stomach pains which were appropriately rejected for the same reason. Tr. 25.

The ALJ further called plaintiff's credibility into question due to her lack of candor regarding alcohol abuse. Tr. 25-26. For instance, in February of 2012, plaintiff was found in her car at her son's school in a disoriented state, but denied alcohol use. Subsequent tests showed a blood alcohol

Page 3 - ORDER

level of .276 along with benzodiazepines and opiates. Tr. 721-23. This is an appropriate clear and convincing reason to discount allegations of disabling symptoms as well. See Thomas v Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ( ALJ may infer that lack of candor regarding alcohol abuse carries over to her description of physical pain).

The ALJ next noted a lack of compliance with treatment recommendations finding such suggests plaintiff's impairments were not as severe as she claimed. Tr. 27-28. For instance, plaintiff complained of severe neck pain, yet she failed to follow-up on multiple referrals to get an x-ray because "she was too busy with her family and odd jobs." Tr. 821, 825. Again, this is an appropriate reason to reject plaintiff's credibility regarding her disabling symptom. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (inadequately explained failure to seek treatment or follow a prescribed course of treatment is casts doubt on credibility and may be sufficient to discredit an allegation of disabling pain). In addition, the ALJ noted instances of symptom exaggeration. Tr. 26-27. For example, in September of 2010, plaintiff told doctors she had lost 50 pounds since December of 2009,[1] but chart notes revealed only a loss of just over seven pounds. Tr. 353. Plaintiff also indicated to medical providers in October of 2010, that due to her congestive heart failure she only had six months to live. Tr. 442. Such claim is also unsupported by the medical record.[2] Plaintiff's exaggerations are also a permissible basis upon which to make an

---

[1] Plaintiff's medical providers had recommended dietary supplements to combat weight loss associated with her medical conditions.

[2] Plaintiff's counsel suggests, without record support other than the fact that plaintiff takes medication for anxiety, that it is not remarkable that an "anxiety-ridden" patient should read doom and gloom into the term "heart failure." Nonetheless, the ALJ's interpretation of the embellishment, based on substantial evidence in the record, adequately supports the conclusion that plaintiff exaggerates her symptoms.

Page 4 - ORDER

adverse credibility determination.  See Cox v Astrue, 2011 WL 6838764 at *5 (E.D.Wa. Dec. 29, 2011) (citing  Thomas, 278 F.3d at 958; Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996); and Fair, 885 F.2d at 603).

The ALJ did not err in rejecting plaintiff's allegations of disabling symptoms.

B.      Treating Physician Opinion

Plaintiff asserts that the ALJ improperly disregarded the opinion of Dr. M.C. Entena that plaintiff is relegated to sedentary work.  However, as the ALJ noted, Dr. Entena's opinion is largely based on plaintiff's subjective complaints which are not credible as noted above.  Tr. 30-31.  An ALJ may reject medical opinion to the extent it relies on subjective complaints.  Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (An ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible).

C.      Lay Testimony

Plaintiff contends that the ALJ erred in discrediting the statements from her sister and her daughter that plaintiff is exhausted and fatigued and suffers anxiety.  However, the ALJ determined that the statements reflected the same allegations made by plaintiff herself.  As noted above, assessments of limitations largely based on plaintiff's own discredited subjective complaints may be rejected.  See Molina v Astrue, 674 F.3d 1104, 1122 (9th Cir. 2011) (the same evidence that the ALJ referred to in discrediting a plaintiff's claims also discredits lay witness' claims).

D.      Mental Limitations

Plaintiff also argues that the ALJ improperly excluded mental health limitations supported by the record.  It is unclear what plaintiff means by record support for anxiety related limitations

Page 5 - ORDER

beyond simple reference to her taking lorazepam to control her anxiety. E.g., Tr. 442. The ALJ noted there was only one formal psychological evaluation related to substance abuse prompted from a drunk driving accident which showed entirely normal mental status findings. Tr. 21. The ALJ further noted that although some providers continue to prescribe benzodiazepines, the prescriptions are based solely on plaintiff's self reports of anxiety and panic attacks. E.g., Tr. 72. As noted above, having determined that plaintiff's subjective complaints are not credible, the ALJ could discount the notations of anxiety in the record related to lorazepam prescriptions. See Molina, 674 F.3d at 1122.   To the extent plaintiff asserts that the ALJ should have developed the record with regard to alleged limitations due to anxiety, there is no viable claim of such limitations. As noted, the only mental status exam of record was unremarkable. Tr. 780-89. Although the exam related to substance abuse, it noted no issues with anxiety. Tr. 782-83. Plaintiff makes no viable claim of mental impairment and the ALJ's failure to further evaluate psychological issues is, thus, not error. Cf. Gutierrez v Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000) (failure to evaluate alleged mental disorder does not require reversal where there is no viable claim of mental impairment).

An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). It is plaintiff's duty to prove that she is disabled. 42 U.S.C. § 423(d)(5) (An individual must furnish medical evidence and other evidence of a disability. An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability without medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from physiological or psychological abnormalities). As noted, at best, the record shows that

Page 6 - ORDER

some providers merely provided anxiety medication based only on plaintiff's discredited subjective complaints without reference to medically acceptable clinical or laboratory techniques. The ALJ did not err with respect to developing the record regarding mental impairments.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is affirmed.

DATED this 1st day of December 2015.

                                     s/Thomas M. Coffin
                                    THOMAS M. COFFIN
                                    United States Magistrate Judge